### SERVICE ON AN OHIO CORPORATION.

Circuit Court of Cuyahoga County.

AKRON ELECTRIC MANUFACTURING COMPANY v. H. H. HAMMOND.

Decided, January 20, 1902.

*Corporations—Process—Service Outside County Can Not be Made upon Secretary.*

Service of summons can not be made upon an Ohio corporation in a county, other than that in which its principal place of business is located, by serving the secretary of the corporation.

*Harold Remington,* for plaintiff in error.
*O. C. Pinney,* contra.

HALE, J.; CALDWELL, J., and MARVIN, J., concur.

The plaintiff is an Ohio corporation having its principal place of business in the city of Akron. The defendant is a resident of Cleveland.

The defendant commenced an action in the Court of Common Pleas of Cuyahoga County against the plaintiff and caused summons to be served upon the secretary of the plaintiff. Judgment was taken by default. After judgment, the plaintiff appearing for that purpose only, filed a motion to vacate the judgment and set aside the service of summons on the claim that the court acquired no jurisdiction of the action. This motion was overruled by the court; which action of the court is assigned as error.

The determination of the questions submitted depends upon the proper construction to be given to the statutes bearing upon the subject.

The service of a summons upon a corporation of the class to which the plaintiff belongs is regulated by Section 5041, Revised Statutes. Three modes are provided by that section for the service of summons upon a corporation, dependant upon the circumstances existing at the time of the service: 1st. Upon the president, or president or chairman of the board of directors

or trustees, or other chief officer.    2d.    If the service can not be made as first designated, then upon the cashier, treasurer, secretary, clerk, or managing agent of the corporation.    3d.    If service can not be made in either the first or second modes, then by leaving a copy at the usual place of business of the corporation.

Formerly actions against corporations of this class could be brought only in the county in which such corporation was situated or had its principal office or place of business, or in which such corporation had an office or agent.

April 16th, 1900, the Legislature amended this section by adding thereto the following:

"Or in any county in which a summons may be served upon the president, chairman or president of the board of directors, chairman or president of the board of trustees, or other chief officer."

It plainly was not the intention of the Legislature to extend the jurisdiction of the court outside of the county in which the corporation had its home, to cases in which any kind of service could be made upon the corporation, but only to those cases in which service could be made in the particular manner first provided in Section 5041.

Service in this case was not made in the manner thus provided.

The secretary, as is clearly indicated by the statute, is not "other chief officer of the corporation."    If Section 5023 is to be construed entirely independent of Section 5041, the construction claimed by the defendant could not then prevail.    The meaning of the term, "other general officer," is modified and limited by the particular designation of the officer upon whom service can be made, in the preceding clause.    The general words are limited by the particular description preceding them and can only mean other general officers of the class specifically designated.    This would exclude the secretary; nor would the result be different if the secretary did, in fact, perform the duties which the testimony, submitted on the hearing of the motion, tends to show he did perform.

The judgment of the court of common pleas in overruling said motion is reversed, and proceeding to render such judgment as should have been rendered by that court, the judgment of the court of common pleas is vacated, and the service of summons set aside and held for naught.